ELIZA L. POPE v. ANNA CLARA FALK *et al.*
**No. 12,897.** ( 72 Pac. 246.)

Error from Johnson district court; JOHN T. BURRIS, judge. Opinion filed April 11, 1903. Affirmed.

*H. G. Pope*, and *L. F. Bird*, for plaintiff in error.
*C. L. Randall*, and *F. M. Woods*, for defendants in error.

*Per Curiam:* In an action of ejectment brought by plaintiff in error against defendants in error, the court made findings of fact and conclusions of law as follows:

"1. The southeast quarter of the southwest quarter of section six (6), township twelve (12) of range twenty-four (24), in Johnson county, Kansas, the lands described in plaintiff's petition, among other lands were, on December 28, 1859 patented by the United States of America to Henry Deshane, a Shawnee Indian, which said patent was on September 5, 1887, filed for record and recorded in book 58, at page 153, records of Johnson county, Kansas.

"2. Henry Deshane, on the 29th day of January, 1870, conveyed the above-described lands by warranty deed to Nancy Blackfeather, a Shawnee Indian, who had formerly been the wife of said Henry Deshane, but who had become and then was the wife of Johnson Blackfeather, which said deed was presented to the secretary of the interior of the United States of America for approval, and was by him approved November the 22d, 1870, and on January 29, 1895, filed for record and duly recorded in deed book 73, at page 441, records of Johnson county, Kansas.

"3. On the 11th day of July, 1870, Nancy Blackfeather and Johnson Blackfeather, her husband, Shawnee Indians, conveyed said lands by warranty deed to William Butler, a white man, which deed has never been approved by the secretary of the interior, and was on July 11, 1870, filed for record and recorded in deed book 'S,' at page 450, records of Johnson county, Kansas. By mistake of the scrivener the signature to said deed was copied into said record as Nancy Deshane Bluejacket instead of Nancy Deshane Blackfeather."

(Findings four to nine, inclusive, trace title from Butler to Anna Clara Falk, one of the defendants in error.)

"10. On the 7th day of July, 1900, said land was conveyed by Johnson Blackfeather and Nancy Blackfeather, his wife, Shawnee Indians, by warranty deed, to Eliza L. Pope, the plaintiff in this action, which said deed was approved by the secretary of the interior on the 29th day of September, 1900, and was duly recorded in

the register of deeds' office of Johnson county, Kansas, on the 15th day of October, 1900, in book 32, at page 305.

"11. At the date of the purchase of said lands by the plaintiff herein, said defendants were in the possession of said premises under their deed as mentioned in the 9th paragraph of these findings.

"12. At the date of the purchase of these lands, said defendants had no knowledge of the claim of the grantors of Eliza L. Pope, plaintiff herein, or any of the outstanding claims or equities of any nature whatever.

"13. The defendants, Anna .Clara Falk and Henry Falk, and their grantors have been in the continuous, open, notorious and exclusive possession of said ·land, and each and every part and parcel thereof, for more than thirty years prior to the commencement of this action, under claim of ownership.

"CONCLUSIONS OF LAW.

"1. At the date of the execution and delivery of the deed to said lands by Johnson Blackfeather and Nancy Blackfeather to the plaintiff herein, they had no interest in said premises, and the plaintiff took nothing thereunder.

"2. The deed executed by Johnson and Nancy Blackfeather to the plaintiff herein is a cloud upon the title of said defendant to said premises, and they are entitled to have the same removed in this action.

"3. Said action is barred by the fifteen-year statute of limitation.

"4. Said defendants are entitled to a judgment against said plaintiff for cost."

Judgment was rendered accordingly.

It is claimed that the deed to Butler was invalid because not approved by the secretary of the interior. A prior deed by the Indian owners however had been approved, and the practice of the department of the interior in reference to second approvals has not been uniform. The present occupants of the land purchased with an approved deed in their chain of title, and, according to finding 12, without any knowledge of any claim on the part of the Indian grantors of Eliza L. Pope that they still retained an interest in the land in opposition to their recorded deed. The Indian tribe to which the Blackfeathers belonged has long since been removed from Kansas, broken up, and incorporated with another tribe. If, after the lapse of thirty years, the Indians and their grantee· are not barred strictly under the statute of limitations they are precluded from the enforcement of their claim under the doctrine of laches and stale claims, set forth in the opinion of this court in the case of *Dunbar v. Green*, ante, 557, 72 Pac. 243.

The judgment of the district court is affirmed.